UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MARY S. JENNINGS**  **CIVIL ACTION**

**VERSUS**  **NO. 17-450-JWD-EWD**

**FIRST NATIONAL BANK**
**OF OMAHA, ET AL.**

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 12, 2017.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

certified mail #: 7004 1160 0003 2648 1463

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**MARY S. JENNINGS**                                              **CIVIL ACTION**

**VERSUS**                                                        **NO. 17-450-JWD-EWD**

**FIRST NATIONAL BANK**
**OF OMAHA, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* plaintiff, Mary S. Jennings, ("Jennings"), filed her Complaint in this matter on July 12, 2017.[1] Jennings filed a Motion to Proceed *In Forma Pauperis* that same day.[2] On July 14, 2017, the court ordered Jennings to complete form AO-239 – Application To Proceed In District Court Without Prepaying Fees and Costs ("Long Form Application"), to provide additional information for the court to consider Jennings' request to proceed *in forma pauperis*.[3] The July 14, 2017 Order was provided to Jennings via certified mail, return receipt requested.

Jennings did not timely submit the Long Form Application pursuant to the July 14, 2017 Order. On August 2, 2017, the court struck Jennings' original Motion to Proceed In Forma Pauperis[4] from the record and again ordered the plaintiff to complete and submit a Long Form Application to the Court, this time by August 16, 2017,[5] to provide the court with sufficient information to evaluate plaintiff's request.

Instead of complete the Long Form Application, as ordered, Plaintiff against submitted what is styled an Order Granting In Forma Pauperis.[6] It is not clear, but it appears this document

---

[1] R. Doc. 1.
[2] R. Doc. 2.
[3] R. Doc. 3.
[4] R. Doc. 2.
[5] R. Doc. 5.
[6] R. Doc. 7.

1

is directed the clerk of court to file documents the Plaintiff submits into the record.[7] As Plaintiff also failed to comply with the August 2, 2017 Order, the court issued an Order to Show Cause,[8] requiring plaintiff to personally appear before the undersigned Magistrate Judge at the Russell B. Long Federal Building and Courthouse, 777 Florida Street, Courtroom Number 5, in Baton Rouge, Louisiana, at 2:00 p.m. on September 15, 2017 and show cause why plaintiff has failed to complete and submit the Long Form Application. The plaintiff failed to appear in court for the hearing or respond to the Show Cause Order with a completed Long Form Application.

On September 15, 2017, based on the plaintiff's failure to appear at the show cause hearing or submit the Long Form Application, despite numerous chances to do so, the court ordered plaintiff to pay the filing fee of $400 within twenty-one (21) days.[9] A review of the record indicates the filing fee has not been paid.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court." *Smithback v. Texas*, No. 07–288, 2007 WL 1518971 at *8 (N.D. Tex. May 24, 2007) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988)). "This authority flows from the court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars." Id. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 326, 629–31 (1962)). "Dismissal of a case for disobedience of a court order is an exceedingly harsh sanction which should be imposed only in extreme cases, and then only after exploration of lesser sanctions." Id. (quoting *Mann v. Merrill Lynch, Pierce, Fenner & Smith*, 488 F.2d 75, 76 (5th Cir.1973)). "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional

---

[7] The undersigned notes that a review of the docket in this matter shows that no documents submitted for filing have been rejected by the clerk of court.
[8] R. Doc. 9.
[9] R. Doc. 10.

dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." Id. (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321–22 (5th Cir.1982)).

In this case, Jennings has been given multiple chances to file appropriate documentation for the court to consider her request to proceed *in forma pauperis* and she has repeatedly failed to comply with the court's orders to do so. Additionally, the undersigned scheduled a show cause hearing to provide the plaintiff with an opportunity to explain her failure to comply with prior orders, but Jennings did not appear for the show cause hearing. Finally, Jennings was given the opportunity to pay the filing fee to avoid dismissal. Jennings was also repeatedly advised that a failure to appear or respond to orders as required could result in dismissal without further notice pursuant to Fed.R.Civ.P. 41(b),[10] and, because Jennings is a *pro se* litigant, the undersigned required that each order entered in this case be served on Jennings via certified mail, return receipt requested. The record shows a return on each order, except the court's September 15, 2017 Order.[11] Although Jennings is a *pro se* litigant, that does not absolve her of her obligations under the Federal Rules of Civil Procedure or the court's Local Civil Rules. Additionally, although dismissal is a harsh sanction, the undersigned recommends dismissal without prejudice, which is a less severe sanction.

## RECOMMENDATION

It is the **RECOMMENDATION** of the undersigned that this matter be dismissed without prejudice for Plaintiff's failure to pay the filing fee, pursuant Federal Rule of Civil Procedure

---

[10] *See* R. Doc. 5, R. Doc. 9 at p. 2 and R. Doc. 10 at p. 2.
[11] *See* R. Docs. 4, 6 and 11. The September 15, 2017 Order was sent to the address provided by Jennings when suit was filed and the same address where other documents were sent, and signed for, in this litigation.

3

41(b).  If the recommendation is adopted, it is **FURTHER RECOMMENDED** that the Order of Dismissal afford Jennings the opportunity to reopen the case within thirty (30) days for good cause.

**IT IS HEREBY ORDERED** that this Report and Recommendation be served on Plaintiff, Mary S. Jennings, by certified mail, via certified mail return receipt requested to the address listed on PACER.

Signed in Baton Rouge, Louisiana, on October 12, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**